NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0710n.06

No. 09-3823

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 15, 2010
LEONARD GREEN, Clerk

BARRY L. BARTLETT,

      Plaintiff-Appellant,

v.

ROBERT M. GATES, SECRETARY OF DEFENSE,

      Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

_____/

BEFORE:    MARTIN, COLE, and CLAY, Circuit Judges.

      **CLAY, Circuit Judge.** Plaintiff Barry L. Bartlett appeals from a district court order granting summary judgment in favor of his employer, the Defense Contract Management Agency ("DCMA"), with respect to his claims that he was discriminated against on the basis of age and sex in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Because there exist genuine issues of material fact, we **REVERSE** the order of summary judgment and **REMAND** for further proceedings consistent with this opinion.

## BACKGROUND

In September 2005, Plaintiff Barry L. Bartlett applied for a promotion at the Cincinnati, Ohio branch of the Department of Defense Contract Management Agency ("DCMA"), his employer since 1978. Plaintiff sought the position of GS-12 Contracting Officer. At the time of his application, Plaintiff was 58 years old and had 34 years of work experience at the DCMA, including 24 years of experience as a GS-11 contract administrator, the so-called "qualifying position" for GS-12 Contracting Officers. In addition to his work experience, Plaintiff's resume showed that he had a record of military service, a bachelor's degree in history from the University of Cincinnati, and had completed graduate course work in business administration, accounting, and law.

Plaintiff was deemed qualified at the initial screening stage, and his name and application were forwarded to the selecting official for the promotion, Kathleen Lehman. In October 2005, without conducting interviews, Lehman selected Angela Lucas, a female employee, for the position. Lucas was 39 years old at the time of her promotion and, unlike Plaintiff, had never earned a college degree. However, she had experience working as a GS-11 contract administrator for eight years at a different branch of the DCMA, during which time she received several commendations.

On February 16, 2007, after exhausting administrative remedies, Plaintiff commenced this *pro se* action in the United States District Court of the Southern District of Ohio, alleging discrimination based on age and sex with respect to his non-promotion. Plaintiff supported his claims with evidence of a series of workplace events that he believes provide direct and circumstantial evidence of unlawful employment discrimination.

First, Plaintiff asserts that he was the target of ageist remarks by Kathleen Lehman and Gail Lewin, Plaintiff's direct supervisor at DCMA, in the weeks leading up to the promotion decision. According to Plaintiff, Lewin called him into her office upon her return from an August 2005 meeting with Lehman in Dayton, Ohio and stated: "You have a bad reputation in Dayton. You have had 34 years, and that is enough." Lewin admits she made a statement to this effect, but says that she was relaying Lehman's comments, as well as Lehman's suggestion that Plaintiff retire. Lewin also testified: "What [Lehman] said was, '*that's a lot time*,' basically, and she was wondering if you were going antiquing or traveling or something like that because that's what you supposedly do." (EEOC Tr. at 166–67) (emphasis added). Plaintiff classifies these remarks as direct evidence, or alternately, circumstantial evidence of age discrimination.

As further proof of discrimination, Plaintiff cites DCMA's record of merit-based promotions under Kathleen Lehman, including a series of alleged irregularities. Plaintiff states that between 2003 and 2005, employees 55 years or older received only one DCMA promotion, despite making up 36 percent of the agency's workforce. In addition, Plaintiff asserts that female employees were promoted in a series of personnel decisions that involved the manipulation of agency procedures. In a 2004 incident, Lehman promoted a female employee to a position identical to the one that Plaintiff sought in 2005, but failed to advertise the vacancy pursuant to a job opportunity announcement. This action appears to violate DCMA procedure on merit based promotions, and it prevented Plaintiff from applying for a desired promotion. In two similar incidents, a female DCMA employee was allegedly promoted from a GS-5 to a GS-12 position without participating in the merit-based program, while another employee was granted a series of discretionary reassignments

3

that allowed her to obtain a significant promotion without complying with agency promotion regulations.

Finally, as proof of both sex and age discrimination, Plaintiff cites his job qualifications as well as the credentials of Myron Greenberg, another unsuccessful applicant to the promotion. At the time of his application, Plaintiff was a 34 year veteran of DCMA and a college degree holder who completed advanced coursework in law and business and had 24 years experience in the field of negotiations. Greenberg, 63 year old at the time of his application, had significant credentials as well, including bachelor's and doctoral degrees; a 27 year tenure at the DCMA; a full-length book and numerous scholarly publications; and university teaching experience. Although Greenberg is not a party to this case, Plaintiff cites Greenberg's non-selection as further circumstantial evidence that the DCMA discriminated against its employees based on age and sex, and argues that its failure to hire the candidate with plainly superior credentials establishes pretext.

On May 5, 2008, Defendant filed a motion for summary judgment which was thereafter referred to a magistrate judge for a report and recommendation. On October 10, 2008, the magistrate judge released a report recommending that summary judgment be granted in favor of Defendant. The report found that while Plaintiff had established a prima facie case of discrimination under Title VII and the ADEA, DCMA successfully provided a non-discriminatory reason for its promotion decision, and Plaintiff failed to rebut this explanation by showing pretext. On May 6, 2009, the district court adopted this recommendation and granted Defendant's motion for summary judgment. Plaintiff now brings this timely appeal.

## DISCUSSION

### I. The Summary Judgment Standard of Review

We review district court orders granting summary judgment de novo. *Havensure, LLC v. Prudential Ins. Co. of Am.*, 595 F.3d 312, 312 (6th Cir. 2010). Summary judgment is proper where, "taking the evidence in the light most favorable to the non-moving party, 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 335 (6th Cir. 2010) (citing Fed. R. Civ. P. 56(c)(2)). The party seeking summary judgment "bears the initial responsibility" of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then the burden shifts to the nonmoving party, who seeks to prevail by presenting "evidence sufficient to permit a reasonable jury to find in its favor." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399 (6th Cir. 2010). When reviewing a motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)*; see also Crawford v. Met. Gov. of Nashville & Davidson Cnty.*, __ U.S. __, 129 S. Ct. 846, 846 n.1 (2009) ("[W]e are required to view all facts and draw all reasonable inferences in favor of the nonmoving party.") (internal citations omitted).

### A. Title VII claims

To establish a claim of discrimination under Title VII, plaintiffs may produce either direct or circumstantial evidence of discrimination. Direct evidence is proof that, if believed, "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions."

*Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc) (internal quotation marks omitted). If direct evidence of discrimination is produced, then the burden shifts to the employer to show that it would have taken the adverse employment action even in the absence of discrimination. *Id.*

In the absence of direct evidence, Title VII claims alleging a single-motive for discrimination are analyzed pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), *as modified by Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981).[1] Under *McDonnell Douglas*, plaintiffs establish a prima facie case of discrimination in the context of promotions when they (1) are a member of a protected class; (2) objectively qualified for the promotion sought; (3) considered for but denied the promotion; (4) and the selectee is an individual outside of plaintiff's protected class. *See Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584–85 (6th Cir. 2009). Once a plaintiff has presented a prima facie case, the burden shifts to the employer to "articulate a nondiscriminatory reason for its action." *Harris v. Metro. Gov. of Nashville & Davidson Cnty., Tenn.*, 594 F.3d 476, 485 (6th Cir. 2010).

Employers who provide a legitimate, non-discriminatory reason for their promotion decision will be entitled to summary judgment unless plaintiffs can rebut the employer's explanation by

---

[1] *McDonnell Douglas* is not applicable to Title VII mixed-motive claims based on circumstantial evidence. *See White v. Baxter Healthcare Corp.*, 533 F.3d 381 (6th Cir. 2008). Instead, to survive a motion for summary judgment, "plaintiffs need only produce evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) race, color, religion, sex, or national origin was a motivating factor for the defendant's adverse employment action." *White,* 533 F.3d at 400. However, because *White* only applies when plaintiffs provide notice of mixed motive claims, as Plaintiff failed to do here, *see Spees*, 617 F.3d at 390*, McDonnell Douglas* applies to Plaintiff's Title VII claims to the extent they are based on circumstantial evidence.

demonstrating pretext. *Id.* at 485. Here, Plaintiff "need only produce enough evidence . . . to rebut, but not to disprove, the defendant's proffered rationale." *Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 719 (6th Cir. 2006)*; see also Chen v. Dow Chemical Co.,* 580 F.3d 394, 400 n.4 (6th Cir. 2009) ("At the summary judgment stage, the issue is whether the plaintiff has produced evidence from which a jury could reasonably doubt the employer's explanation.").

**B.      ADEA claims**

Prior to the Supreme Court's decision in *Gross v. FBL Fin. Servs.*, __ U.S.__, 129 S. Ct. 2343 (2009), ADEA and Title VII claims were analyzed concurrently. Therefore, in cases where direct evidence of age discrimination was presented, the burden shifted to employers to present evidence that they would have made the same employment decision in the absence of discrimination. *See Blair v. Henry Filters, Inc.*, 505 F.3d 517, 523 (6th Cir. 2007); *see also Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1248 (6th Cir. 1995) (citing *Blalock v. Metals Trades, Inc.*, 775 F.2d 703, 707 (6th Cir. 1985)) ("Direct evidence of discrimination, if credited by the fact finder, removes the case from *McDonnell Douglas* because the plaintiff no longer needs the inference of discrimination that arises from the prima facie case.").

However, "*Gross* overrules our ADEA precedent to the extent that cases applied Title VII's burden-shifting framework if the plaintiff produced direct evidence of age discrimination." *Geiger v. Tower Auto.*, 579 F.3d 614, 621 (6th Cir. 2009). Instead, to prevail on direct evidence at the summary judgment stage, it seems that plaintiffs must prove "by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." *Id.* at 621 (citing *Gross*,

129 S. Ct. at 2351).[2]  However, this Circuit has held that age discrimination claims based on circumstantial evidence continue to be analyzed under *McDonnell Douglas*. *See Schoonmaker v. Spartan Graphics Leasing, LLC,* 595 F.3d 261, 264 n.1 (6th Cir. 2010) (citing *Geiger,* 579 F.3d at 622).[3]

## II.    Analysis

In the instant case, Plaintiff has presented direct evidence of age discrimination in the form of the ageist remarks of Lewin and Lehman.  As this Court has held, discriminatory remarks by decisionmakers and other persons exerting a meaningful role in the decisionmaking process constitute direct evidence of discrimination. *See, e.g.*, *DiCarlo v. Potter*, 358 F.3d 408, 417 (6th Cir. 2004); *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 550 (6th Cir. 2004); *Carter v. Univ. of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003).  "In assessing the relevancy of a discriminatory remark, we look first at the identity of the speaker." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 354 (6th Cir. 1998).  The speakers in the instant case were not individuals who lacked

---

[2] It should be noted that neither the Sixth Circuit nor any of our sister circuits have heard an ADEA case premised on direct evidence since the *Gross* decision.  Although *Gross* held that the but-for standard applies to ADEA cases, regardless of whether they rely on "direct or circumstantial" evidence, *Gross,* 129 S. Ct. at 2351, it declined to address whether *McDonnell Douglas* remains operative.  To the extent that courts of appeal continue to apply *McDonnell Douglas* to ADEA claims, *see Geiger,* 579 F.3d at 622, it is conceivable that following *Gross*, *McDonnell Douglas* may be found to apply to all age discrimination claims regardless of the evidentiary basis.

[3] This approach has been adopted by the majority of our sister circuits. *See, e.g.*, *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1278–79 (10th Cir. 2010) ("Although we recognize that *Gross* created some uncertainty regarding burden-shifting in the ADEA context, we conclude that it does not preclude our continued application of *McDonnell Douglas* to ADEA claims"); *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010); *Smith v. City of Allentown*, 589 F.3d 684, 690–91 (3d Cir. 2009); *Velez v. Thermo King de Puerto Rico, Inc.*, 585 F.3d 441, 447 n.2 (1st Cir. 2009); *Martino v. MCI Commc'n Servs., Inc.*, 574 F.3d 447, 452–53 (7th Cir. 2009) (applying *McDonnell Douglas* without comment).

"managerial authority over the challenged personnel decisions." *Id.* at 354. Rather, they were Plaintiff's direct supervisor and the selecting official for the promotion; and the content of their remarks—that Plaintiff was too old to continue working at the agency, and that Plaintiff should consider retirement—suggest that age discrimination may have prevented Plaintiff from being seriously considered for his sought-after promotion. Lewin and Lehman's statements are all the more germane when considered together with Plaintiff's circumstantial evidence case.

**A.  Plaintiff's prima facie case of age and sex discrimination and DCMA's facially non-discriminatory explanation**

As Defendant concedes, Plaintiff has carried his burden of establishing a prima facie case of age and sex discrimination under *McDonnell Douglas*. A prima facie case of discrimination exists here because Plaintiff is a male born in 1946 and therefore is a member of a protected class under Title VII and the ADEA, respectively. *See* 42 U.S.C.§ 2000e-2 (covering the sexes) *and* 29 U.S.C. § 631 (covering persons over 40). After being deemed qualified for the job, Plaintiff was denied a promotion that went to Lucas, a 39 year old female employee who was an individual by definition outside of Plaintiff's suspect class. Plaintiff has therefore established a prima facie case of discrimination under *McDonnell Douglas*.

However, Defendant seeks to justify its promotion decision on grounds that it found Angela Lucas to be the "best qualified candidate," based on the written submissions of applicants and Lehman's personal knowledge of their background, performance, work product, and communication abilities. Defendant describes Lucas as highly motivated, very experienced in contract negotiations, and a strong communicator who had earned performance awards and commendations at her previous post. Plaintiff, in contrast, is described by Defendant as an average employee who lacked sufficient

9

background in contract negotiations and a strong writing ability. Defendant also seeks to denigrate Plaintiff's educational background, noting that while he was a bachelor's degree holder, he received just average marks, and had yet to receive DCMA performance awards.

Without proceeding to determine the truthfulness of its reasons at this preliminary stage of the litigation, DCMA has satisfied its burden of stating a facially legitimate and non-discriminatory explanation for its promotion decision. *See McDonnell Douglas*, 411 U.S. at 802–05.

**B.      Plaintiff's rebuttal of Defendant's non-discriminatory explanations**

Because Defendant proffered a non-discriminatory rationale for an employment decision, Plaintiff, in order to prevail, must rebut Defendant's argument by introducing evidence of pretext. *Grizzell*, 461 F.3d at 719. Plaintiffs may demonstrate pretext by showing that an employer's stated reason for an adverse employment action either "(1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain the employer's action." *White*, 533 F.3d at 393. Pretext may also be shown by demonstrating that an employer's decision was so unreasonable as to cast doubt on its actual motivation. *Id.* The relative qualifications of applicants may also establish a triable issue of fact as to pretext. *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 626–27 (6th Cir. 2006), *cert. denied*, 550 U.S. 904 (2007). In addition, "discriminatory remarks, even by a nondecisionmaker, can serve as probative evidence of pretext." *Risch v. Royal Oak*, 581 F.3d. 383, 393 (6th Cir. 2009) (citing *Ercegovich*, 154 F.3d at 356–57).

In the instant case, Plaintiff has offered several grounds for finding Defendant's reasons to be pretextual. These include the strength of his job qualifications; ageist remarks made about Plaintiff by Kathleen Lehman, the selecting official, in the weeks leading up to the promotion; and

Lehman's demonstrated lack of familiarity with applicant's records and job qualifications. Plaintiff also contends that DCMA's history of promotions under Lehman provides evidence of pretext, noting that the agency failed to promote qualified male candidates to GS-12 positions for almost three years and that, despite representing more than one-third of the workforce, employees over the age of 55 received only one promotion during the same period. Finally, Plaintiff asserts that Lehman manipulated the agency's merit based promotion procedures on at least three prior occasions to advance the careers of female employees. We consider these arguments in turn.

### 1. Relative qualifications of applicants

Relative qualifications establish triable issues of fact as to pretext where the evidence shows that either (1) the plaintiff was a plainly superior candidate, such that no reasonable employer would have chosen the latter applicant over the former, or (2) plaintiff was as qualified as if not better qualified than the successful applicant, and the record contains "other probative evidence of discrimination." *Bender*, 455 F.3d at 627–28; *see also Risch,* 581 F.3d. at 391.

The record reveals that Plaintiff had 24 years of experience as a contract administrator, compared to Lucas's eight years of experience. In addition, Plaintiff possessed superior educational credentials, including a bachelor's degree and advanced course work in areas relevant to the job, whereas Lucas had not graduated from college. Record evidence also suggests that Plaintiff's communication skills, and those of Myron Greenberg, another unsuccessful male candidate, were satisfactory if not superior to Lucas's own, as evidenced by favorable performance reviews, education credentials, and scholarly publications. Plaintiff also had substantially more experience

11

and familiarity in the area of contract negotiations, which was said to be a "critical function" of the position.

While only Lucas had been a recipient of DCMA performance awards, Plaintiff argues in rebuttal that his branch office did not participate in the agency award program and therefore he never had the opportunity to compete or be nominated for a similar award. Plaintiff also notes that while Defendant contends he was only an average employee, Plaintiff was initially placed on the agency's best qualified list for the promotion, and the record contains many contradictory statements as to his overall ability.

Construing the facts in a light most favorable to the Plaintiff, we find that while Plaintiff may not have been a "plainly superior candidate" that rendered DCMA's promotion decision unreasonable on its face, *White*, 533 F.3d at 394, Plaintiff was as qualified if not more qualified than Lucas. Although this finding does not conclusively establish pretext, *Bender*, 455 F.3d at 626, it warrants denial of summary judgment where other probative evidence of discrimination has been presented. *Id.*

### 2. Discriminatory remarks by agency officials

While discriminatory remarks can constitute direct evidence, they also serve as probative evidence of pretext. *Risch*, 581 F.3d. at 393. This is true even when remarks are made by a nondecisionmaker, or fail "to coincide precisely with the particular actors or timeframe involved in the specific events that generated a claim of discriminatory treatment." *Id.* (citing *Ercegovich*, 154 F.3d at 356–57). In determining the significance of a discriminatory remark, "courts must carefully evaluate factors affecting the statement's probative value, such as the declarant's position in the

[employer's] hierarchy, the purpose and content of the statement, and the temporal connection between the statement and the challenged employment action, as well as whether the statement buttresses other evidence of pretext." *Id.* (internal citations omitted).

In the instant case, Gail Lewin, Plaintiff's supervisor, and Kathleen Lehman, the selecting official at the agency, informed him that his 34 years on the job were "enough"; joked about whether he had taken up "antiquing or traveling or something like that"; and suggested that Plaintiff should retire—a topic that Plaintiff had neither broached nor privately considered. Because these statements were made by DCMA decisionmakers just weeks before the promotion decision, and because the ostensible motivation of the comments was to hasten Plaintiff's departure from the agency, these remarks provide strong "probative evidence of pretext." *See Risch*, 581 F.3d at 393. Furthermore, when coupled with record evidence suggesting that Plaintiff was as qualified if not more qualified than the selectee, these statements create triable issues of fact on the question of pretext. *See, e.g.*, *Risch*, 581 F.3d at 393–94 (summary judgment not proper based on plaintiff's qualifications and remarks by supervisors)*; Marsico v. Sears Holding Corp.*, 370 Fed. App'x 658, 659 (6th Cir. Mar. 25, 2010) (summary judgment improper on ADEA claims where, four months prior to an adverse employment decision, employer stated "[y]ou know, you've been around here a long time"). Although these discriminatory comments only concern the Plaintiff's age, they establish pretext with respect to both of Plaintiff's unlawful discrimination claims because they cast doubt on the basis in fact of Defendant's proffered legitimate, non-discriminatory reasons. *Imwalle v. Reliance Med. Prods.*, Inc., 515 F.3d 531, 545 (6th Cir. 2008).

### 3. Employer's explanation for the promotion decision

Plaintiffs may also demonstrate pretext by showing that an employer's stated reason for an adverse employment action either "(1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain the employer's action." *White*, 533 F.3d at 393. Viewing the record in the light most favorable to Plaintiff, we find that a jury could "reasonably disbelieve" Defendant's proffered explanation that Lucas was the best-qualified candidate for the position at issue. *Id.* at 394. Although Lehman testified that she promoted Lucas without conducting interviews because of her personal knowledge and familiarity with the job applicants' experience, backgrounds, and competency, Lehman was unable to answer basic questions about the candidates' qualifications, including whether Lucas, whom she hired based in part on her "significant experience in contract negotiations which was a critical function of the position," had ever completed a single contract negotiation; and whether Greenberg, another candidate considered for the job, had previously been a university lecturer. The fact that Lehman was unable to describe the candidates' credentials creates a triable issue of fact as to the actual basis for Defendant's promotion decision, suggesting it was pretext for discrimination based on sex and age.

In summary, because Plaintiff has presented sufficient evidence to suggest that DCMA's proffered explanation for its promotion decision was pretextual and has no basis in fact, we hold that Plaintiff has met his burden under *McDonnell Douglas* and Defendant is not entitled to summary judgment with respect to Plaintiff's age and sex discrimination claims.

**4.** **Other allegations of pretext and the district court's evidentiary rulings**

Because Plaintiff has demonstrated that genuine issues of material fact exist with respect to pretext on the record considered by the district court, we need not reach the issue of whether the district court abused its discretion by failing to "receive further evidence" in connection with Plaintiff's opposition to summary judgment, pursuant to its powers under Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C). In addition, we decline to reach the issue of whether Defendant's record of promotions provides further evidence of pretext since Plaintiff has already rebutted Defendant's alleged non-discriminatory grounds. However, since these arguments go toward the ultimate issue of whether DCMA engaged in intentional discrimination, they should be considered on remand.

## CONCLUSION

Because Plaintiff has established a prima facie case of age and sex discrimination in violation of Title VII and the ADEA, and because genuine issues of material fact exist with respect to pretext, we **REVERSE** the district court's grant of summary judgment in favor of Defendant and **REMAND** for trial.