# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2011

No. 10-11033
Summary Calendar

Lyle W. Cayce
Clerk

LUCRETIA S. JOHNSON,

Plaintiff-Appellant

v.

UAH PROPERTY MANAGEMENT, LIMITED PARTNERSHIP,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-609

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lucretia S. Johnson appeals the district court's order granting summary judgment in favor of her former employer, UAH Property Management, on her claims of race and age discrimination. Applying de novo review, *see Jackson v. Watkins*, 619 F.3d 463, 465 (5th Cir. 2010), we AFFIRM.

UAH offered evidence in the form of declarations and emails supporting its assertion that Johnson's termination was based on poor performance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11033

Johnson attacks the competency of this evidence, but it is reasonably inferred that the facts averred therein were based on the declarants' personal knowledge and participation in the events at issue; therefore, the evidence was competent. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005).

Johnson, an African-American woman, was 42 when UAH hired her. She was terminated after only three months on the job. Johnson contends that she presented a *prima facie* case of both race and age discrimination because she was replaced by a younger African-American woman, who in turn was replaced by an older Caucasian woman, who was then transferred and replaced by a younger Caucasian woman. She asserts that she was treated disparately because the Caucasian woman was transferred rather than terminated.

Johnson does not address the district court's finding that her evidence about the Caucasian woman's transfer was incompetent summary judgment evidence and would not be considered because it contradicted prior sworn testimony. Any argument that this evidence should be considered is therefore abandoned, *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), leaving no prima facie case of race discrimination. Furthermore, even if we were to consider the evidence we agree with the district court that because Johnson makes no showing that the Caucasian woman was similarly situated, and indeed cites no evidence concerning the circumstances of the alleged transfer, she fails to show disparate treatment based on race. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514–15 (5th Cir. 2001).

With respect to age discrimination, Johnson asserts various reasons as to why UAH's claim that it terminated her based on performance was pretextual, including the fact that UAH was having cash flow problems; UAH did not investigate prior to terminating her and violated its own policies; UAH relied upon her to handle matters during a murder investigation at the property; and

No. 10-11033

she denied that she ignored instructions or failed to meet performance expectations. Johnson's assertions are largely conclusory and speculative, and she fails to show a fact issue as to whether age was the but-for cause of the employment decision. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). She asserts that her own opinion is sufficient to refute UAH's claims, but a plaintiff's own subjective belief is insufficient to show discrimination based on age. *See Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 152 (5th Cir. 1995). Having reviewed the record evidence, we conclude that Johnson fails to show UAH's explanation for her termination was false or unworthy of belief. *See Jackson*, 602 F.3d at 378–79.

AFFIRMED.