# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

No. 11-10254
Summary Calendar

Lyle W. Cayce
Clerk

WILLA M. BELLARD,

Plaintiff - Appellant

v.

JPS HEALTH NETWORK,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-693

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Willa Bellard, appeals the district court's decision to grant JPS Health Network's motion for summary judgment on her age discrimination claim. We AFFIRM.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Willa Bellard was employed by JPS Health Network ("JPS") as a Licensed Vocational Nurse ("LVN") at its South Campus Health Clinic ("South Campus").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10254

Bellard worked on a three-person medical team that assisted Dr. Isaac Watemberg. While Bellard was on medical leave, Dr. Watemberg was transferred to a different medical clinic, and he was not replaced. On January 20, 2009, approximately three weeks after returning from medical leave, Bellard was informed that her LVN position with Dr. Watemberg had been eliminated because of his transfer. Bellard was temporarily assigned to a "floating" LVN position—which meant she was not assigned to a specific physician or clinic—with the same salary and benefits for thirty days. Bellard was encouraged to apply for other permanent LVN positions at JPS, including the floating LVN position. She was also offered a severance package if she did not apply for a permanent position with JPS before February 23, 2009. Bellard did not apply for any positions with JPS, and, on February 16, 2009, she resigned.

After filing a complaint with the EEOC and receiving a right-to-sue letter, Bellard commenced this lawsuit against JPS in federal district court. In her complaint, Bellard alleged that JPS forced her to resign because of her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"). JPS moved for summary judgment on her claim, which the district court granted. Bellard appealed.

## II.  STANDARD OF REVIEW

This court "review[s] the grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party." *Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 786 (5th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

No. 11-10254

## III.  DISCUSSION

Under the ADEA, it is unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  A plaintiff bringing an ADEA claim "must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision."  *Gross v. FBL Fin. Servs., Inc.*, — U.S. —, 129 S. Ct. 2343, 2351 (2009).  On appeal, Bellard claims that she was discriminated against on the basis of her age because she was forced to reapply for a position with JPS, rather than being automatically transferred to a permanent LVN position after her position on Dr. Watemburg's team was eliminated.  Bellard supports this claim with direct and circumstantial evidence.

## A.    Direct Evidence of Age Discrimination

Bellard argues that comments made by the manager of South Campus, Jodi Outland, serve as direct evidence of age discrimination.  For an "age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee."  *Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010) (citation and internal quotation marks omitted).

Bellard first alleges that, at a staff meeting approximately ten to eleven months before she resigned, Outland made comments about the length of some employees' tenure at South Campus and said that would change.  For example, a co-worker, who was present at the meeting, testified that Outland stated that

3

No. 11-10254

"all the old people had to go."  Outland's comment was not proximate in time to the alleged age-based discrimination, was not directed specifically at Bellard, and was not made in the context of the decision to require Bellard to apply for LVN positions with JPS.  Therefore, this comment "cannot qualify as direct evidence." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377, 380 (5th Cir. 2010) (comment made approximately one year prior to termination was not direct evidence of discrimination because it was not proximate in time and was unrelated to the termination); *see also Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 352 (5th Cir. 2007) (comment made six months prior to termination was not probative of discriminatory intent because it was "remote in time from [plaintiff's] firing" and was a "broad statement not directed to any particular employee").

As further direct evidence of discrimination, Bellard alleges that Outland repeatedly told other employees at South Campus that they could not talk to her in a certain way or tell her how to manage South Campus "just because they were older."  These comments fall far short of direct evidence of discrimination. They were not made to Bellard and were not made in the context of an employment decision involving Bellard or any other employee.  In short, a jury could not, based on these comments, "conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate [Bellard]."  *Moss*, 610 F.3d at 929 (citation and internal quotation marks omitted).  Therefore, Outland's comments are not direct evidence of discrimination, and Bellard must prove her claim through circumstantial evidence.

4

No. 11-10254

## B.    Circumstantial Evidence of Age Discrimination

Bellard also argues that, based on circumstantial evidence, Outland's decision to not transfer her automatically was discriminatory. Under the burden-shifting framework that governs ADEA claims based on circumstantial evidence, the plaintiff must first establish a *prima facie* case of age discrimination,[1] "at which point the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Moss*, 610 F.3d at 922 (citation and internal quotation marks omitted). "If the employer articulates a legitimate, non-discriminatory reason for the employment decision, the plaintiff must then be afforded an opportunity to rebut the employer's purported explanation." *Id.* Assuming, *arguendo*, that Bellard has established a *prima facie* case of age discrimination, she has not rebutted JPS's legitimate, non-discriminatory reason for the adverse employment action, i.e., that her LVN position was eliminated and she was required to apply for another permanent LVN position.

As proof of discrimination, Bellard claims that Outland transferred Angelica Mendez, a younger employee who also worked on Dr. Watemburg's team, to another doctor without requiring Mendez to apply for the position. A plaintiff who attempts to prove discrimination through disparate treatment "must show 'nearly identical' circumstances for employees to be considered similarly situated." *Berquist*, 500 F.3d at 353. Bellard's circumstances were not

---

[1] A *prima facie* case of age discrimination under the ADEA requires the plaintiff to prove: (1) she is within the protected class; (2) she is qualified for her position; (3) she suffered an adverse employment decision; and (4) she was "treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)." *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).

nearly identical to Mendez's. The evidence in the record demonstrates that, unlike Bellard, Mendez *applied* for her new position. Moreover, the record shows that JPS employees were required to apply for transfers if the transfer involved a change in position and cost center, and Outland transferred employees without an application only if the "hours and stuff were the same." But Bellard desired a transfer involving a change in position, cost center, and schedule. The schedule change would require Bellard to work significantly longer shifts and work on Saturdays, a day on which she occasionally had scheduling conflicts. Accordingly, Bellard may not rely on Mendez's transfer to another team as evidence of age discrimination. *See Berquist*, 500 F.3d at 353.

Bellard also points to the fact that a younger employee, Amanda Davis, was hired for a vacant LVN position at South Campus as evidence that JPS discriminated against her because of her age. Bellard was aware that JPS was seeking applications for that vacancy while she was working as a "floating" LVN but did not check the posting or apply for the position. Davis did. Thus, the fact that a younger employee was hired for the LVN position is not evidence of discrimination based on age.[2]

---

[2] Bellard alleges that three other positions held by employees over the age of forty-five were "eliminated" over the course of an unspecified time period. But she does not argue that this is additional evidence that her failure to be automatically transferred was discriminatory. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("It is not enough to merely mention or allude to a legal theory."). Nor is this allegation evidence of discrimination in this case. One of the employees transferred from South Campus to another JPS facility. The only competent summary judgment evidence in the record demonstrates that the other two employees were terminated from South Campus for performance-related issues.

No. 11-10254

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.