**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3856
_____

BRETT SHIBLEY,

Appellant,

v.

GENESIS HEALTH CARE, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2:09-cv-03386)
District Judge:  Honorable Michael M. Baylson

Submitted under Third Circuit LAR 34.1(a)
on April 29, 2011

Before:  SLOVITER, GREENAWAY, JR. and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 21, 2011)
_____

O P I N I O N
_____

**ROTH**, <u>Circuit Judge</u>:

I.  <u>Introduction</u>

Brett Shibley appeals summary judgment in favor of Genesis Health Care, Inc.

(Genesis) on his claims under the Age Discrimination in Employment Act (ADEA), 29

U.S.C. § 621, *et seq.* Genesis terminated Shibley from his position as administrator of Genesis's Belvedere nursing home and replaced him with a younger temporary manager. Shibley contends on appeal that the District Court improperly resolved disputed facts in granting summary judgment on his ADEA claims.

## II. <u>Background</u>[1]

Belvedere is a nursing facility for the elderly and infirm, owned and operated by Genesis in Chester, Pennsylvania. In May 2007, Shibley was hired as Belvedere's Nursing Home Administrator (NHA), which is essentially the head of the facility. Shibley reported to Paul McGuire, Genesis's Regional Vice President of Operations. Genesis's head of Human Relations at the time was Colin Bosler. On March 10, 2008, McGuire and Bosler informed Shibley (then age 50) that his employment was terminated—Shibley claims he was not provided a reason for his termination but was simply told that an administrative change was necessary. Genesis selected Steven Zablocki, age 33, to serve as Belvedere's interim NHA. Several months later, Genesis hired Terry Reardon, age 53, to serve as the permanent NHA.

Shibley filed discrimination charges with the Pennsylvania Human Rights Commission and the EEOC and then filed a complaint in Pennsylvania Court of Common Pleas, alleging that Genesis had violated his rights under the ADEA and the Pennsylvania Human Rights Act. Genesis removed the case to federal court and, after discovery, sought summary judgment on Shibley's claims.

---

[1] Because we write only for the parties, we briefly summarize the undisputed facts, drawing all inferences in favor of Shibley, the non-moving party. *See Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011).

In support of its summary judgment motion, Genesis submitted a Statement of Undisputed Material Facts (SUMF) explaining that Shibley had been fired due to numerous employee complaints. The SUMF and its supporting documents show that from the outset, Genesis received complaints about Shibley's treatment of his subordinates. Genesis's concerns about these complaints were reflected in Shibley's 2007 performance review, which rated him "Effective" in most areas, but rated him only "Developmental" in "HR Management/Interpersonal Skills" and "Communications/Team Building."[2] McGuire noted that Shibley "is an emotional leader at times. He will need to challenge himself with maintaining a behavior that cannot be misread or misunderstood." Shibley's management style did not change and employee complaints continued.

In March 2008, Belvedere's Director of Nursing met with Genesis's Executive Vice President and Senior Vice President to express her concerns about Shibley, reporting that he played "mind games" with his staff, that he had made inappropriate sexual comments to several other employees, and that she suspected that he was having a sexual relationship with one of his subordinates. The Nursing Director found it difficult to work for Shibley and was considering another job. Less than a week later, Shibley was terminated.

Shibley did not offer his own account of any of these incidents. In his deposition, he was asked about several of the incidents described above and either denied having made the comments attributed to him in the employee complaints or stated that he was

_____

[2] "Developmental" is defined on the performance review form as "Performance does not consistently meet the requirements of the position."

3

not aware of the complaints. Shibley also failed to respond to Genesis's SUMF as required by Fed. R. Civ. P. 56(c). The District Court ordered him to file a response. Shibley's response generally dismissed Genesis's allegations regarding the employee complaints and did not cite any record evidence supporting his position, stating only that "Plaintiff disputes this fact, as it arises from a Declaration of an individual that was not deposed by either party."

The District Court granted summary judgment on all of Shibley's claims. The court noted that it was not clear whether Shibley had presented a *prima facie* case in support of his ADEA claim because his younger replacement, Zablocki, was a temporary one for only four months, while Shibley's permanent replacement, Reardon (who is older than Shibley), was being hired. Assuming *arguendo* that Shibley had presented a *prima facie* case, the court found that the employee complaints presented by Genesis were a legitimate, non-discriminatory basis for terminating Shibley. Although Shibley denied in his deposition some of the conduct reported in these complaints, his testimony does not raise a triable issue of fact as to whether Genesis received the complaints and relied on them in terminating him. Shibley has failed—both before us and the District Court—to identify specific factual conflicts between Genesis's evidence and his deposition. The District Court was not required to do this for him.

The District Court concluded that Shibley had failed to present evidence giving rise to a genuine dispute of material fact as to whether Genesis's basis for terminating him was pretextual.

4

## III. **Discussion**

We review *de novo* the District Court's grant of summary judgment. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011). "While '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor' in determining whether a genuine factual question exists, summary judgment should not be denied unless there is sufficient evidence for a jury to reasonably find for the nonmovant." *Id.* (citations omitted). Claims under the ADEA are subject to the familiar burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009).

We agree with the District Court that, even assuming Shibley has presented a *prima facie* case of age discrimination, he has failed to present sufficient evidence of pretext to raise a triable issue of fact.[3] The numerous and detailed employee complaints against Shibley for his mistreatment of his subordinates furnish a legitimate, nondiscriminatory basis for his termination. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010). The only evidence of pretext offered by Shibley is the quality of his work at Belvedere, the fact that he was praised by his superiors, and the two raises he received for improving the facility's performance. However, Genesis terminated Shibley because of his harassment of his subordinates, not for poor performance. Shibley's proffered evidence of pretext does not undermine the legitimate basis articulated by Genesis for terminating him. *See Ziegler v. Beverly Enterprises-Minn., Inc.*, 133 F.3d 671, 675 (8th Cir. 1998). Accordingly, the District

---

[3] Shibley does not appeal summary judgment on his ADEA retaliation claim.

5

Court correctly concluded that there was no material factual dispute warranting trial on

Shibley's ADEA claims.

## IV.  **Conclusion**

For the foregoing reasons, we will affirm summary judgment on Shibley's claims.