# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2012

No. 11-50639

Lyle W. Cayce
Clerk

PRISCILLA POSOS,

Plaintiff - Appellant

v.

THE CITY OF SAN ANTONIO; WILLIAM MCMANUS, In His Official
Capacity as Chief of the San Antonio Police Department,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC 5:11-cv-479-OLG

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Priscilla Posos appeals the district court's grant of summary judgment in
favor of the City of San Antonio (the "City") on her claim pursuant to 42 U.S.C.
§ 1983 that the City is liable for damages in connection with her assault by a
San Antonio Police Department ("SAPD") officer. We AFFIRM.

## FACTS AND PROCEEDINGS

Posos alleges that on November 11, 2007, an on-duty, uniformed SAPD
officer, Raymond Ramos, stopped her on the street and questioned her briefly.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-50639

Ramos searched Posos' purse and found a small amount of cocaine. He also found two containers filled with heroin that Posos had attempted to discard nearby. Posos alleges that Ramos then forced her into his patrol car and drove her to a nearby park where he made her inject the heroin he had seized and sexually assaulted her. After the incident, Posos went to a hospital where she received an examination that indicated she had been sexually assaulted. Posos reported the assault to the SAPD, and the department immediately initiated an investigation. An SAPD detective responsible for the investigation recommended that the local district attorney bring charges against Ramos, who was subsequently indicted for sexual assault.

Posos filed suit in Texas state court, asserting § 1983 claims against the City, Ramos, and William McManus, in his official capacity as the Chief of Police of the SAPD. She also brought state law tort claims against Ramos. The City and McManus removed the case to federal district court. The district court dismissed the claims against McManus, and Posos voluntarily dropped the individual-capacity claims against Ramos. The district court then granted the City's motion for summary judgment, severed the remaining claims against Ramos, and entered final judgment in favor of McManus and the City. Posos timely appealed. Her Notice of Appeal designated the separate orders dismissing the claims against the City and McManus, but she abandoned her appeal of the order dismissing the claims against McManus in her opening brief.

## STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same standard as the district court. Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and shows that the moving party is entitled to judgment as a matter of law. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).

2

## DISCUSSION

A municipality may be held liable under § 1983 when its official policies or customs cause a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). A municipality will not face liability under a *respondeat superior* liability theory. *Id.* at 691. Instead, Posos must identify a specific policy or custom, and show that the City, through the "deliberate conduct" of a final policymaker, was the "moving force" behind the violation of her rights. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997).

Posos' theory of liability is that the City failed adequately to train and supervise Ramos. To prevail on this theory, Posos must show that (1) the SADP either failed to supervise or train Ramos; (2) a causal link exists between the failure to train or supervise and the violation of her rights; and (3) the failure to train or supervise amounts to "deliberate indifference" to her constitutional rights. *See Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Brown*, 520 U.S. at 410). To demonstrate deliberate indifference, Posos must, at a minimum, present evidence that the City had notice of a pattern of similar prior acts. *See id.* at 383.

Posos cannot demonstrate that the City acted with deliberate indifference to her rights. She does not even allege that other SAPD officers have engaged in similar conduct, and she failed to present any evidence that the City had either actual knowledge or constructive notice that Ramos had committed similar acts before his assault on her. Posos attempts to support her argument only by pointing to evidence that the SAPD had notice Ramos routinely contacted and spoke with prostitutes while on duty, a fact that Posos deems highly suspicious. But it is undisputed that Ramos used prostitutes as confidential informants, an

No. 11-50639

apparently legitimate investigative practice, and Posos has failed to demonstrate that his prior actions put the SAPD on notice that he was engaged in a pattern of assaulting the women he consulted. Posos therefore failed to present a triable issue of fact on whether the City was liable under § 1983 for Ramos' abusive conduct.

## CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.