# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2012

No. 11-51225
Summary Calendar

Lyle W. Cayce
Clerk

JAMES LEE BRADFIELD,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, through its agency the Department of Veteran's Affairs,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CV-35

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant James Bradfield, a veteran of the U.S. Navy, appeals the district court's grant of summary judgment in favor of the government on his claim for damages under the Federal Tort Claims Act. Bradfield alleges that the Department of Veteran's Affairs (the "VA") negligently failed to provide him with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51225

proper medical treatment. Because Bradfield failed to present sufficient evidence to survive summary judgment, we AFFIRM.

## FACTS AND PROCEEDINGS

Bradfield is a disabled veteran who, during the relevant period, was treated at the VA hospital in Waco, Texas. Since 1983, Bradfield has been diagnosed with a mental disorder, alternatively labeled schizophrenia or schizoaffective disorder, and since 1995 he has received full VA disability benefits. The parties agree that Bradfield's disorder requires the use of antipsychotic medication, but Bradfield disagrees with his physician about the best drug for treating his condition. Bradfield alleges that the medication his doctor has prescribed, aripiprazole, has caused him to develop a pre-diabetic metabolic disorder, and he repeatedly asked the VA to prescribe a different antipsychotic.

On December 8, 2010, Bradfield filed suit against the United States under the Federal Tort Claims Act ("FTCA"). The district court granted summary judgment in favor of the government. This timely appeal followed.

## DISCUSSION

We review a grant of summary judgment *de novo*, applying the same standard as the district court. Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and shows that the moving party is entitled to judgment as a matter of law. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).

The FTCA is a limited waiver of the United States' sovereign immunity that allows "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Hannah v. United States*,

No. 11-51225

523 F.3d 597, 601 (5th Cir. 2008). Liability for claims made under the FTCA is therefore determined under substantive state law. Texas medical malpractice law governs the issue of the VA's liability on Bradfield's negligence claim. *See id.*

Under Texas law, a plaintiff must prove four elements to establish liability in a medical malpractice suit: "(1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation." *Id.* Moreover, Texas law requires a plaintiff to produce expert testimony to establish the standard of care and its breach. *Id.* Although Bradfield asserts that the medication he has been prescribed is causing negative side-effects that could be avoided with different medications, he has not produced any expert testimony to establish the relevant standard of care or that such standard of care was breached. In fact, the only expert testimony in the record indicates that the prescribed medication is less likely than the alternatives to cause the side-effects of which Bradfield complains.

## CONCLUSION

For the reasons given above, the judgment of the district court is affirmed.