# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2013

Lyle W. Cayce
Clerk

No. 12-60232

VICTOR CHAMBERS,

Plaintiff-Appellant,

versus

SODEXO, INCORPORATED; SDH EDUCATION EAST, L.L.C.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-77

Before DAVIS, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Victor Chambers sued Sodexo, Inc., and SDH Education East, L.L.C.
(jointly, "Sodexo"), for age discrimination under the Age Discrimination in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-60232

Employment Act of 1967 ("ADEA") and back wages for overtime under the Fair Labor Standards Act of 1938 ("FLSA").[1]  The district court granted summary judgment to Sodexo on both claims.  Because Chambers raised a genuine dispute of material fact as to age discrimination, but not overtime, we affirm in part, reverse in part, and remand.

I.

Chambers started working for Sodexo at Alcorn State University on June 30, 2008; he was hired by Mike Prince, the district manager.  As Executive Chef, Chambers was an exempt management employee, responsible for the kitchen, menu-planning, food-ordering, and inventory, with an annual salary of around $50,000.  He possessed full human-resources responsibility, including hiring and firing of employees.

On July 16, Chambers and Sheba Logan, the new general manager, ate lunch together in the dining room.  During the conversation, Logan discovered that Chambers was age fifty-five and told him that she preferred a younger chef. Within minutes, Logan told the cooks to follow her directions rather than listen to Chambers.  Over the next few months, she waged a campaign to get him fired —calling human resources with false accusations, forcing him to order far too much food, refusing to let him conduct inventory, and keeping him in the dark about catered events.

Prince fired Chambers on November 5 for deficient performance, alleging food shortages at events on four dates, excessive food ordering and inventory, not completing inventory according to policy, and not following safety guidelines. While meeting with Prince, Chambers disputed each of the allegations.  Prince then conferred with Logan and informed Chambers he would be fired anyway

---

[1] Chambers also sued for retaliation under Title VII of the Civil Rights Act of 1964, but that claim was dismissed and is not before us on appeal.

No. 12-60232

because Logan did not like him.

Chambers filed a charge alleging age discrimination with the Equal Employment Opportunity Commission, which issued a notice of right to sue. Chambers then sued in district court, alleging age discrimination and failure to pay overtime wages. The district court granted Sodexo's motion for summary judgment, which Chambers appeals.

## II.

"We review a summary judgment *de novo*, applying the same standard as the district court." *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011). Summary judgment is appropriate where, viewing facts and drawing reasonable inferences in a light most favorable to the nonmoving party, the moving party shows that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). At this stage, we do not judge the credibility of witnesses or weigh the evidence. *Id.*

## III.
### A.

It is unlawful for an employer to make an adverse employment decision "because of . . . age." 29 U.S.C. § 623(a)(1). Where an employee has no direct evidence of age discrimination, this court applies the familiar *McDonnell Douglas*[2] burden-shifting framework. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). To make out a *prima facie* case, an employee must show that he was (1) discharged, (2) qualified for his position, (3) a member of the protected class, and (4) either (a) replaced by someone younger, (b) replaced by someone outside

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973).

No. 12-60232

the protected class, or (c) otherwise discharged because of his age. *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003). The employer may rebut the presumption raised by the *prima facie* case by articulating a legitimate, non-discriminatory reason for its decision. *Patrick*, 394 F.3d at 315. Then, to avoid summary judgment, the employee must raise a genuine dispute of material fact as to whether the employer's stated reason was merely a pretext for discrimination. *Id.* at 315–16.

The parties dispute whether Chambers can show that he was otherwise discharged because of age and that Sodexo's articulated reasons for firing him were mere pretext. Taking Chambers's allegations as true, and making all reasonable inferences in his favor, we conclude that Chambers has raised a genuine dispute of material fact as to age discrimination.

First, a jury could infer that Logan was motivated by age, because her poor treatment of Chambers began just after she discovered his age. Second, Chambers does not allege that Prince, who actually made the decision to fire him, was motivated by age discrimination, but that Prince acted as a cat's paw for Logan.[3] Logan primarily influenced Prince by sabotaging Chambers.[4] Also, after Chambers had disputed Prince's stated reasons for firing him, Prince conferred with Logan and decided to fire Chambers anyway, because Logan did not like him. A jury could infer that Prince's decision was influenced by Logan. Finally, Prince's conference with Logan and subsequent statement suggest that his stated reasons were mere pretext. Summary judgment was therefore not appropriate on the ADEA claim.

---

[3] *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000) (animus of coworker who held "influence or leverage" could be attributed to official decisionmaker).

[4] *Cf. Laxton v. Gap, Inc.*, 333 F.3d 572, 584–85 (5th Cir. 2003) (holding that a reasonable jury could find influence or leverage where final decisionmakers relied on biased subordinate for facts underlying purported violations of company policy).

No. 12-60232

B.

Under the FLSA, employees who work more than forty hours per week must be paid overtime, except those employees who are employed in a "bona fide executive, administrative or professional capacity." 29 U.S.C. §§ 207(a)(1), 213(a)(1). The executive exemption applies to any employee who (1) is paid at least $455 per week, (2) whose "primary duty is management," (3) who "customarily and regularly directs" at least two other employees, and (4) who has hiring and firing authority, or whose suggestions about promotion and termination are "given particular weight." 29 C.F.R. § 541.100.

Chambers does not dispute that he was an exempt employee when hired but claims that he is entitled to overtime for those periods during which he was relieved of his management responsibilities. Reviewing the summary judgment record *de novo*, we conclude that Chambers has not raised a genuine dispute of material fact as to his FLSA claim.

Chambers admitted in his deposition that even during those periods when he purportedly had no management duties, he gave orders that were obeyed, conducted inventory, held meetings with the cooks, planned for upcoming catering events, and supervised the cooks, at least some of the time, in the kitchen. He did testify that Logan made him sit in the dining area during meal times, and he implies that was a punishment. Sodexo presented uncontradicted evidence, however, that this was a management function that all management personnel were asked to perform on occasion.

Because Chambers has raised a genuine dispute of material fact as to age discrimination but not overtime, we REVERSE the summary judgment on his ADEA claim, AFFIRM the summary judgment on his FLSA claim, and REMAND for further proceedings.