# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

No. 14-41419
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH L. FOWLER, SR.,

Plaintiff-Appellant

v.

TIMBER ROCK RAILROAD, L.L.C.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-515

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Joseph L. Fowler, Sr. appeals the district court's summary-judgment dismissal of his race and age discrimination claims against Timber Rock Railroad, L.L.C.  We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41419

Fowler, a 59-year-old African American, began working as a railroad engineer for Timber Rock in June 2004. Trainmaster Douglas Marshall acted as his supervisor. In August 2011, Marshall issued Fowler a written warning for failing to stop a locomotive and causing it to derail in violation of the General Code of Operating Rules ("GCOR"). In February 2013, Marshall issued Fowler a second warning for occupying main tracks without proper authority in violation of the GCOR and 49 C.F.R. § 240.117(e)(4).

Following the second infraction, Timber Rock scheduled a hearing. On the day of the hearing, Fowler met with Marshall to surrender his engineer certificate, as required by 49 C.F.R. § 240.117(g)(3)(ii). At the meeting, Fowler asked Marshall what the outcome of the hearing would be. Marshall told Fowler that the situation seemed bad because of the seriousness of the situation. He informed Fowler that he could either resign or go through with the hearing and risk having a violation on his record. Fowler chose to resign and voluntarily signed a statement reflecting his intent to do so.

Following his resignation, Fowler brought suit against Timber Rock, claiming Marshall constructively discharged him and bullied him into resigning because of his race and age. The district court granted summary judgment for Timber Rock, and Fowler timely appealed to this court.

"We review the grant of a motion for summary judgment *de novo*." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 257 (5th Cir. 2009) (citation omitted). To establish a *prima facie* case of race discrimination, an employee must demonstrate, *inter alia*, that: (1) "he was the subject of an adverse employment action" and (2) "he was treated less favorably because of his membership in [a] protected class than were other similarly situated employees . . . under nearly identical circumstances." *Id.* at 259 (citations omitted).

2

No. 14-41419

Regarding the first factor, we agree with the district court that Timber Rock did not constructively discharge Fowler because it did not "make[] working conditions so intolerable that a reasonable employee would feel compelled to resign." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 771 (5th Cir. 2001) (citations omitted). Fowler was simply informed of his options and made a calculated decision to resign rather than proceeding with the hearing on his rules violation. Moreover, the revocation of Fowler's license was not an adverse employment action because 49 C.F.R. § 240.117(g)(3)(ii) mandated that result. Nevertheless, as the district court noted, Fowler's suspension without pay did constitute an adverse employment action. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 390 (5th Cir. 2007).

Looking to the second factor, we agree that Fowler and his proffered comparator were not subject to "nearly identical circumstances." *See Lee*, 574 F.3d at 259-60. Fowler argues that John Grant, a white employee, was offered remedial training and the opportunity to work in an inferior position after his second serious rules violation.[1] Unlike Grant, however, Fowler resigned after his second violation, so there is no basis for concluding that he was treated less favorably. As one illustration of this point, the district court noted that Fowler "resigned in an effort to avoid the very penalty which Mr. Grant received—the inclusion of a second rules violation on his permanent employment record." Thus, the fact that Fowler resigned following his second rules violation, whereas Grant did not, is of primary importance in explaining their differences in treatment. And, as we have noted, "[i]f the difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer, the employees are not

---

[1] The district court disagreed with this characterization, noting that Grant was fired and subsequently applied for and obtained an inferior position.

similarly situated for the purposes of an employment discrimination analysis." *Id.* at 260 (citation and quotations omitted).  Fowler was not similarly situated to Grant, and he has therefore failed to establish a *prima facie* case of race discrimination.

Because we have rejected Fowler's claim that he was constructively discharged, he cannot establish a *prima facie* case of age discrimination, which, among other factors, requires an employee to demonstrate that he was actually discharged.  *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).

Finally, as the district court observed, Fowler also did not offer any evidence that Timber Rock used his serious rules violations as pretext for discrimination.  *See id.* at 378-79; *Lee*, 574 F.3d at 259.

AFFIRMED.