# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40967
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2017

Lyle W. Cayce
Clerk

DANUTA LOBECK,

      Plaintiff - Appellant

v.

TINA M. LICATINO; TINAD, L.L.C., doing business as Gabourel Insurance Agency, also known as Gabourel Insurance Agency, Incorporated; FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, INCORPORATED; FIDELITY NATIONAL INSURANCE SERVICES, L.L.C.,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:10-CV-423

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Danuta Lobeck appeals the district court's grant of summary judgment to Gabourel Insurance Agency ("GIA"), Fidelity National Property and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

`No. 16-40967

Casualty Insurance Company, and Fidelity National Insurance Servicer, LLC (collectively "Fidelity"). We AFFIRM the district court.

I.

In September 2006, Lobeck purchased a rental property in Gilchrist, Texas. Unbeknownst to her, the property was located in the Coastal Barrier Resources System ("CBRS") and was ineligible for federally funded flood insurance. In previous decisions, we have provided detailed explanations of the workings of the National Flood Insurance Program ("NFIP"). *See, e.g., Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). In short, the NFIP allows private insurers to issue and administer federally-funded flood insurance policies in their own names. *Id.* Although the carriers play a large role in the program, the government ultimately pays the claims. *Id.*

As a provider of federally-funded flood insurance, Southern Farm Bureau initially issued Lobeck a standard flood insurance policy ("SFIP") effective October 1, 2006 through October 1, 2007. But it rescinded the policy and returned Lobeck's premiums upon discovering that the property was inside the CBRS.[1]

After the rescission of her policy, Lobeck tried again to obtain federally-funded flood insurance—this time using GIA. GIA submitted Lobeck's flood insurance application to Fidelity, which subsequently issued her a policy effective August 13, 2007 through August 13, 2008. Lobeck renewed her policy on June 20, 2008, which was effective June 26, 2008 through June 26, 2009.

---

[1] The record is unclear as to whether Lobeck ever had actual knowledge that the property was in the CBRS.

2

`No. 16-40967

On or about September 13, 2008, Hurricane Ike destroyed Lobeck's property, and she filed a flood damage claim. Fidelity adjusted her claim and was prepared to issue payment when FEMA notified it that Lobeck's property was located in the CBRS. After receiving FEMA's notification, Fidelity rescinded Lobeck's policy and returned her premiums. Lobeck responded by suing Fidelity and GIA for negligently or fraudulently representing that her property was insurable. On May 31, 2016, the district court granted GIA and Fidelity's motions for summary judgment, stating that Lobeck had not shown reasonable reliance, which is a necessary element for each of her claims. Lobeck appeals from the district court's judgments.

## II.

"We review the grant of a motion for summary judgment de novo, applying the same standard as the district court." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).

Lobeck contends that she reasonably relied on Fidelity and GIA's misrepresentations that her property was insurable. However, she was insured by the federal government through the NFIP; thus Fidelity and GIA were acting as government agents. *See Spong v. Fidelity National Property and Casualty Insurance Company*, 787 F.3d 296, 309 (5th Cir. 2015); *Richmond Printing, LLC v. FEMA*, 72 Fed. App'x 92, (5th Cir. 2003). As the Supreme Court has previously stated, "those who deal with the Government are expected to know the law and may not rely on the conduct of government agents contrary to the law." *See Heckler v. Community Health Services*, 467 U.S. 51, 63 (1984); *Federal Crop Insurance Co. v. Merrill*, 332 U.S. 380, 384-85 (1947). Consequently, Lobeck was charged with the constructive knowledge that her property is located in the CBRS, and so her argument fails.

`No. 16-40967

AFFIRMED.