# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50328
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2023

Lyle W. Cayce
Clerk

RICHARD NELSON,

*Plaintiff—Appellant*,

*versus*

TEXAS DEPARTMENT OF TRANSPORTATION,

*Defendant—Appellee*,

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-34

_____

Before DENNIS, ELROD, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

This is an appeal from a district court's grant of summary judgment to an employer in an age discrimination lawsuit. Because Plaintiff failed to create a genuine dispute of material fact on the element of pretext, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I. Factual & Procedural Background

Plaintiff Richard Nelson began working for the Texas Department of Transportation ("Department") in May 2015 as Division Director of the Toll Operations Division. On November 29, 2020, Plaintiff was informed that his position would be terminated effective November 30, 2020, because he apparently engaged in conduct inconsistent with the Department's policies on workplace harassment and retaliation. With respect to workplace harassment, the Department received complaints from its employees that Plaintiff displayed favoritism and made comments in a misogynistic and racist manner. With respect to retaliation, the Department received more complaints from employees that Plaintiff retaliated against employees who he suspected of reporting his alleged instances of workplace harassment. At the time of his termination, Plaintiff was 67 years old and within one year of retirement eligibility. Plaintiff claims he was wrongfully terminated by the Department based on his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Texas Labor Code. At the close of discovery, the Department filed a motion for summary judgment arguing that Plaintiff could not create a genuine dispute of fact that the Department's proffered reasons for termination were a pretext for age discrimination. The district court agreed and entered summary judgment. This appeal followed.

## II. Standard of Review

"We review the grant of a motion for summary judgment de novo, applying the same standard as the district court." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010) (citing *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998)). That means "[w]e view the evidence in the light most favorable to the non-moving party[,] . . . avoid credibility determinations and weighing of the evidence[,]" and only affirm a grant summary judgment when "there are no genuine issues

of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citations omitted).

## III. Discussion

Under the ADEA, it is unlawful for an employer to "discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). In a circumstantial evidence case such as this one, we generally apply the *McDonnell Douglas* framework to ADEA claims—an approach that both parties before us embrace.[1] *Jackson*, 602 F.3d at 378. First, the employee must establish a prima facie case of age discrimination; second, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for the employment decision; and third, the burden shifts back to the employee to present evidence that the employer's reason was a pretext for age discrimination. *See Allen v. U.S. Postal Serv.*, 63 F.4th 292, 300-01 (5th Cir. 2023). Only the third step of the *McDonell Douglas* framework—pretext—is at issue here.

Plaintiff attempts to create a genuine issue of material fact as to whether the Department's reasons for termination were pretext for age discrimination by denying that he engaged in any workplace harassment and by denying that he retaliated against other Department employees. But even if we assumed that the allegations of misogyny, racism, and retaliation were false, Plaintiff has presented no evidence that the Department did not reasonably believe the allegations and did not in good faith act on them. Under our caselaw, "[i]n cases [like this one where] an employer discharges an employee based on the complaint of another employee, the issue is not the

---

[1] The parties do not challenge the district court's finding that "age discrimination claims under the Texas Labor Code are analyzed through the same burden-shifting framework as ADEA claims," so we likewise address both claims at the same time.

No. 23-50328

truth or falsity of the allegations but 'whether the employer reasonably believed the employee's allegation and acted on it in good faith.'" *Jackson*, 602 F.3d at 379 (quoting *Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993)). In the absence of any such evidence,[2] we AFFIRM the judgment of the district court.

_____

[2] Plaintiff also takes issue with the district court's finding that Plaintiff's declaration "includes inadmissible hearsay." We agree with the district court that even when considered, the declaration does not raise "a genuine issue of fact" that the Department "impermissibly relied on the investigation results."