# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2010

No. 10-50300
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT WILLIS,

        Plaintiff - Appellant

v.

TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER; TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER SCHOOL OF ALLIED HEALTH SCIENCES; TEXAS TECH UNIVERSITY SYSTEM; KENT HANCE, Individually and in His Official Capacity as Chancellor of the Texas Tech University Health Sciences Center and School of Allied Health Sciences; PAUL BROOKE, Individually and in His Official Capacity as Dean of the Texas Tech University Health Sciences Center School of Allied Health; ELMO CAVIN, Individually and in His Official Capacity as President of the Texas Tech University Health Sciences Center; ELVIN MAXWELL, Individually and in His Official Capacity,

        Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CV-117

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

    Texas Tech University Health Sciences Center expelled Robert Willis after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50300

its Student Conduct Board found that Willis had threatened his ex-girlfriend – a fellow student – with a handgun. Willis claimed his disciplinary hearing did not meet the minimum requirements of due process. The district court disagreed and granted summary judgment to the Texas Tech defendants. Willis appealed, and we affirm.

After allegations surfaced that Willis had pointed a 9mm pistol at a classmate while the two argued at Willis's off-campus residence, Texas Tech's Student Conduct Board sent Willis a detailed letter explaining that a complaint had been filed against him. The letter notified Willis of a hearing date and included: the factual basis for the complaint; the portions of the Student Code allegedly violated; a list of the Board members and an opportunity to challenge them for partiality; and an explanation of how to submit evidence, call witnesses in his behalf, and secure an advisor.

The Board held the hearing, at which Willis stated his position but called no witnesses, and determined that Willis had in fact pulled a gun on a fellow student. He was expelled. Willis sued Texas Tech and its administrators in state court for violating his federal due process rights, but the defendants removed to the Western District of Texas, where they moved for summary judgment. The district court – noting that Willis did not submit any evidence to refute Tech's motion – assumed Willis had a protected right to his education but held that Tech gave Willis all the process he was due. Willis appealed. Our review is de novo, applying the same standards as the district court and viewing the evidence in the light most favorable to Willis.[1]

This court recently dealt with a similar case, one in which Louisiana State

---

[1] *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).

No. 10-50300

University disciplined a student for allegedly harassing his ex-girlfriend. We explained in a persuasive unpublished opinion:

> A student subject to school disciplinary proceedings is entitled to some procedural due process. The student must be given notice of the charges against him, an explanation of what evidence exists against him, and "an opportunity to present his side of the story." The student is not entitled to the "opportunity to secure counsel, to confront and cross-examine witnesses supporting the charge, or to call his own witnesses to verify his version of the incident."[2]

Willis's cursory appellate brief fails to explain what about the hearing was deficient. An independent review of the undisputed record shows Tech gave Willis more than the minimum process required by the Constitution.

AFFIRMED.

---

[2] *Esfeller v. O'Keefe*, 2010 WL 3035144, at *5, 2010 U.S. App. LEXIS 16178, at *12–*13 (5th Cir. Aug. 3, 2010) (citing *Goss v. Lopez*, 419 U.S. 565, 574, 581, 583 (1975)); *see also Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85–86 (1978) ("All that *Goss* required was an 'informal give-and-take' between the student and the administrative body dismissing him that would, at least, give the student 'the opportunity to characterize his conduct and put it in what he deems the proper context.'" (quoting *Goss*, 419 U.S. at 584)); *Dixon v. Ala. State Bd. of Educ.*, 294 F.2d 150, 158–59 (5th Cir. 1961) ("For . . . guidance . . . , we state our views on the nature of the notice and hearing required by due process prior to expulsion from a state college or university. . . . The notice should contain a statement of the specific charges and grounds which, if proven, would justify expulsion under the regulations of the Board of Education. . . . By its nature, a charge of misconduct, as opposed to a failure to meet the scholastic standards of the college, depends upon a collection of the facts concerning the charged misconduct, easily colored by the point of view of the witnesses. In such circumstances, a hearing which gives the Board or the administrative authorities of the college an opportunity to hear both sides in considerable detail is best suited to protect the rights of all involved. This is not to imply that a full-dress judicial hearing, with the right to cross-examine witnesses, is required. Such a hearing, with the attending publicity and disturbance of college activities, might be detrimental to the college's educational atmosphere and impractical to carry out. Nevertheless, the rudiments of an adversary proceeding may be preserved without encroaching upon the interests of the college.").