# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2025

Lyle W. Cayce
Clerk

No. 24-60400

Roderick Greer Talley,

*Plaintiff—Appellant*,

*versus*

Jackson State University; Eric Stanton; LaQuala
Dixon; Eltease Moore; Joseph Bradley,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-296

Before Elrod, *Chief Judge*, and Duncan and Englehardt, *Circuit Judges*.

Per Curiam:[*]

Roderick Talley, a former Jackson State University ("JSU") student, was arrested on JSU's campus for assaulting his female companion while carrying a firearm in his backpack. Following a disciplinary hearing, Talley was suspended for two years. Talley sued JSU, JSU Officer Eric Stanton, and several JSU officials asserting Fourth, Fifth, and Fourteenth

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Amendment claims, a Title IX claim, various state law claims, and seeking injunctive relief reinstating him to JSU. Talley now appeals the district court's dismissal of his claims and denial of injunctive relief. We AFFIRM.

I

On March 23, 2023, Talley drove to JSU to attend his classes with his companion, LaQuita Jones, who was considering enrolling at JSU. Talley and Jones began arguing, and according to Jones, Talley "got physical with me and removed me from the truck very violently[.] [H]e grabbed me with both hands and pushed me from the truck, he was so strong my feet literally was off the ground from how hard he grabbed me." Based on this statement, Stanton arrested Talley for assault. Stanton then searched Talley's backpack and found a handgun.

Talley was referred to the Dean of Students Office for violating university policy. On April 3, 2023, Talley was informed of JSU's charges against him: violations of University Conduct Rules 4.45 and 4.50, which prohibit violating state law and possessing firearms on campus. Talley was told he could give his side of the story to a student conduct committee on April 6.

After that hearing, the committee found Talley had violated university policy and imposed a two-year suspension. Talley appealed the decision, which the appeals committee upheld.

Talley then sued JSU and Stanton asserting Fourth, Fifth, and Fourteenth Amendment claims, a Title IX claim, various state law claims, and seeking an injunction reinstating him to JSU. After an evidentiary hearing, Talley voluntarily dismissed his suit. Later, Talley filed this action, which involves largely the same claims and seeks the same injunctive relief. Talley later amended his complaint to include several JSU officials. He claims his arrest and the subsequent search were illegal and that JSU's

disciplinary process violated his rights under the Fifth and Fourteenth Amendments.

The district court denied Talley's motion for preliminary injunction. Defendants then moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and asserted qualified immunity. The court dismissed all of Talley's federal claims. It reasoned that sovereign immunity bars Talley's claims against JSU and his claims for damages against the individual defendants in their official capacities. The court converted Defendants' 12(b)(6) motion to one for summary judgment and granted Defendants summary judgment on the remaining claims. Talley appeals the orders dismissing his claims and denying his request for injunctive relief.[1]

## II

We review a summary judgment *de novo*. *Louisiana ex rel. La. Dep't of Wildlife & Fisheries v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872, 878 (5th Cir. 2023). Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

"Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). Once a defendant asserts qualified immunity, "[t]he plaintiff bears the burden of negating qualified immunity." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). To do so, a plaintiff

---

[1] Talley's notice of appeal mentions several other of the district court's orders, but he briefs only the orders dismissing his claims and denying him injunctive relief. Accordingly, we do not consider any other challenges. *See United States v. Quintanilla*, 114 F.4th 453, 463-64 (5th Cir. 2024) (a party must brief an issue for it to be considered).

must show that defendants violated a federal right that was clearly established at the time of the violation. *See Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014).

We review the denial of a preliminary injunction for abuse of discretion. *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023).

## III

## A

The district court did not err in dismissing Talley's claims because Talley did not meet his burden to show defendants violated his federal rights.

Talley argues the district court erred in dismissing his Fourth Amendment false arrest claim because probable cause did not exist for his arrest. We disagree. Jones submitted a sworn statement to Stanton stating that Talley assaulted her. This established probable cause to arrest him. *See Johnson v. Bryant*, No. 94-10661, 1995 WL 29317, at *3 (5th Cir. Jan. 17, 1995) (per curiam) (a victim identifying a person as perpetrator generally establishes probable cause).

Talley next argues the district court erred in dismissing his Fourth Amendment illegal search claim. We again disagree. Stanton legally arrested Talley, and the search of Talley's backpack was a lawful search incident to that arrest. *See Arizona v. Gant*, 556 U.S. 332, 339 (2009) (a search incident to lawful arrest may include search of person and items within his control).

Talley next argues the district court erred in dismissing his Fourteenth Amendment claim. He asserts that JSU's disciplinary process lacked due process because he could not present evidence, cross-examine witnesses, review evidence against him, or present opening and closing statements. Again, we see no error.

A panel of our court has explained that "[a] student subject to school disciplinary proceedings is entitled to some procedural due process,"

namely, "notice of the charges against him, an explanation of what evidence exists against him, and an opportunity to present his side of the story." *Willis v. Texas Tech Univ. Health Scis. Ctr.*, 394 F. App'x 86, 87 (5th Cir. 2010) (per curiam) (quoting *Esfeller v. O'Keefe*, 391 F. App'x 337, 342 (5th Cir. 2010)). But "[t]he student is not entitled to the opportunity to secure counsel, to confront and cross-examine witnesses supporting the charge, or to call his own witnesses to verify his version of the incident." *Ibid.* (quoting *Esfeller*, 391 F. App'x at 342). Measured against this standard, Talley's due process claim fails.

Talley was informed of the charges and knew the evidence against him. Talley was also able to tell his side, but now complains he had no chance to explain that he did not know the gun was in his backpack. We disagree. Talley had the opportunity to present this defense but chose not to. Talley also complains that JSU failed to turn over "exculpatory materials." But as the district court explained, the materials Talley identifies are of no probative value,[2] so JSU's failure to disclose those materials did not deprive Talley of a fair hearing.[3]

---

[2] These materials include an email from Jones to JSU claiming she placed the handgun in Talley's backpack. As the district court explained, though, the email would have had no probative value at the JSU hearing because Talley's defense centered on the legality of his arrest for assault, not whether he knowingly possessed the handgun. Talley also claims JSU wrongfully withheld video footage of the altercation between Jones and Talley, but, even if true, that evidence also would have had no probative value because the JSU hearing had to do only with whether Talley possessed a handgun on campus.

[3] Talley does not challenge the dismissal of his *Monell* claim against JSU, his Fifth Amendment claim, or his Fourteenth Amendment claims against the individual defendants for money damages.

No. 24-60400

## B

Talley moved for preliminary injunctive relief reinstating him to JSU, allowing him to participate in JSU graduation ceremonies, and preventing defendants from violating his due process rights. Talley appeals the district court's failure to grant him injunctive relief. We see no abuse of discretion, however.

A party seeking injunctive relief must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable harm in the absence of an injunction; (3) that the threatened injury outweighs damage to the defendant; and (4) that the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

The district court held that Talley was unlikely to succeed on the merits of his due process claim. We agree. As explained above, Talley's due process claim fails. Accordingly, the district court did not abuse its discretion in denying Talley's requested relief.

## IV

The district court's judgment is AFFIRMED.